UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA DeVILLE,

       Plaintiff,                               Hon. Ellen S.  Carmody

v.

                                       Case No. 1:13-cv-1298

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  On February 11, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (Dkt. #11).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence.  Accordingly, the Commissioner's decision is **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

1

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial

interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 41 years of age on her alleged disability onset date. (Tr. 129). She possesses an eleventh grade education and worked previously as a cashier, pharmacy shift manager, and a self-service cashier. (Tr. 26, 37). Plaintiff applied for benefits on March 19, 2010, alleging that she had been disabled since November 21, 2009, due to asthma, reflex sympathetic dystrophy, restless leg syndrome, fibromyalgia, sleep apnea, bladder problems, and depression. (Tr. 129-32, 157). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 75-128). On October 12, 2011, Plaintiff appeared before ALJ Donna Grit with testimony being presented by Plaintiff and a vocational expert. (Tr. 32-58). In a written decision dated November 3, 2011, the ALJ determined that Plaintiff was not disabled. (Tr. 16-27). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 5-10). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) fibromyalgia; (2) asthma; (3) obesity; (4) headaches; (5) lumbar degenerative disc disease; (6) restless leg syndrome; (7) post-traumatic stress disorder; (8) depression; and (9) panic disorder without agoraphobia, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 19-21).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work[2] subject to the following limitations: (1) she requires a sit-stand option, defined as the ability to change positions every 30 minutes; (2) she can stoop and squat on a less than frequent basis; (3) she cannot climb ladders, ropes, or scaffolds; (4) she must avoid concentrated exposure to fumes, dusts, gases, odors, and poor ventilation; (5) she can perform simple, unskilled tasks on a sustained basis as generally performed in competitive employment. (Tr. 21-22). Based on the testimony of a vocational expert, the ALJ concluded that Plaintiff retained the ability to perform her past relevant work as a self-service cashier. Accordingly, the ALJ denied Plaintiff's application for benefits.

I.       **The ALJ Failed to Properly Evaluate the Opinion Evidence**

On November 10, 2010, Dr. Helen Scott completed a report regarding Plaintiff's

---

[2] Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983); *Van Winkle v. Commissioner of Social Security*, 29 Fed. Appx. 353, 357 (6th Cir., Feb. 6, 2002).

residual functional capacity. (Tr. 344-51). On September 29, 2011, the doctor supplemented her opinions. (Tr. 399, 408-10). Dr. Scott concluded that Plaintiff's ability to function was impaired to a far greater extent than recognized by the ALJ. Specifically, Dr. Scott concluded that during an 8-hour workday, Plaintiff can sit for 1-2 hours and stand/walk for less than 1 hour. Dr. Scott reported that Plaintiff can only *occasionally* lift/carry 10 pounds, whereas light work, by definition, requires the ability to *frequently* lift up to 10 pounds. Dr. Scott also concluded that Plaintiff's ability to perform a wide range of physical activities was limited by her pain which the doctor characterized as "moderately severe." While it is not clear precisely how much weight the ALJ afforded Dr. Scott's opinion, it is clear that the ALJ placed little significance in the doctor's opinion. Plaintiff asserts that she is entitled to relief because the ALJ's rationale for discounting Dr. Scott's opinion is not supported by substantial evidence. The Court agrees.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is

unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered

those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

In support of her decision to discount Dr. Scott's opinion, the ALJ relied upon three conclusions: (1) the doctor's opinion "is not reiterated or held by any other physician of record"; (2) the doctor's opinion "is based on the claimant's own report"; and (3) the doctor's opinion "is inconsistent with the claimant's own testimony regarding functioning." None of these rationales survive scrutiny.

First, whether Dr. Scott's opinion is shared by any other physician is not particularly relevant. While the ALJ may discount a treating physician's opinion which is inconsistent with other evidence, the absence of corroboration does not necessarily equate with inconsistency. As the Sixth Circuit has observed, to afford controlling weight to a treating doctor's opinion "only when the other sources agreed with that opinion" would "turn on its head" the presumption of giving greater weight to the opinions from treating sources. *See Gayheart*, 710 F.3d at 377.

Next, while the ALJ concludes that Dr. Scott's opinions are based on Plaintiff's "own report," the ALJ failed to identify any evidence in support of such. On the other hand, the record contains contemporaneous treatment notes from Dr. Scott which indicate that the doctor routinely examined Plaintiff and procured appropriate objective tests and evaluations. (Tr. 327-43, 387-98, 411-23). Finally, the conclusion that Plaintiff's testimony was somehow inconsistent with Dr. Scott's opinions is not supported by the record. Plaintiff's testimony regarding her impairments and limitations is consistent with Dr. Scott's opinions. (Tr. 36-51). The ALJ's conclusion otherwise is based upon a mischaracterization of both Plaintiff's testimony and Dr. Scott's opinion.

As previously noted, when an ALJ chooses to accord less than controlling weight to

the opinion of a treating physician, she must adequately articulate his rationale for doing so. Moreover, failure to comply with this requirement is not subject to harmless error analysis. *See Wilson*, 378 F.3d 546-47.  As the court expressly stated:

> A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. . .To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory.

*Id.* at 546 (internal citations omitted).

The ALJ's stated reasons for discounting Dr. Scott's opinion are not supported by substantial evidence.  In light of the fact that Dr. Scott's opinion is inconsistent with the ALJ's RFC determination, the ALJ's failure is not harmless.  The ALJ's failure clearly violates the principle articulated in *Wilson* and renders her decision legally deficient.

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).  This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

The medical evidence of record fails to establish that Plaintiff is disabled.  There does not exist overwhelming evidence that Plaintiff is disabled and while there arguably exists strong

9

evidence supporting Plaintiff's position, there likewise exists a significant amount of evidence supporting the contrary conclusion. Simply put, evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance. Accordingly, the Commissioner's decision is hereby reversed and this matter remanded for further factual findings.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **reversed and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.

Date:  February 9, 2015                               /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge